UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREOUS MONEY, ) | |
| ) | CIVIL ACTION FILE |
| Plaintiff, ) | File No. _____ |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| PANEL STEEL, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Andreous Money ("Mr. Money" or "Plaintiff") files this Complaint for Equitable Relief and Damages against Defendant Panel Steel, Inc. ("Panel Steel" or "Defendant") showing the Court the following:

### INTRODUCTION

1. Mr. Money is a former employee of Defendant Panel Steel, having worked for Panel Steel from approximately February 2022 through June 3, 2022. Throughout his employment with Panel Steel, Mr. Money was subjected to a race-based hostile work environment of which the Company was aware and took no action.

2. Mr. Money asserts claims for race discrimination and a race-based hostile work environment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and race discrimination and race-

based hostile work environment under 42 U.S.C. § 1981 ("Section 1981").

3. Mr. Money seeks injunctive and declaratory relief, back pay and lost benefits, front pay, compensatory damages, punitive damages, and attorney's fees and costs of litigation.

## Jurisdiction and Venue

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

5. Venue is proper in this district and division under 28 U.S.C. § 1391(b), because the Defendant resides in the Northern District of Georgia and because the unlawful conduct giving rise to the claims occurred in this District.

## Exhaustion of Administrative Remedies

6. On August 24, 2022, Mr. Money filed a charge – Charge No. 410-2022-08785 – with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which he complains.

7. In the charge, Mr. Money alleged that he was subjected to a race-based hostile work environment and discharged on the basis of race.

8. The EEOC issued Mr. Money a Dismissal and Notice of Rights dated September 26, 2023.

9. Mr. Money's Title VII and 42 U.S.C. § 1981 claims are timely filed.

10. Mr. Money has exhausted the administrative prerequisites to filing his Title VII claims.

## The Parties

11. Mr. Money is a citizen of the United States and a resident of the State of Georgia.

12. Defendant Panel Steel is a domestic corporation registered and licensed to do business in the State of Georgia and transacts business in the Northern District of Georgia.

13. Defendant is an employer engaged in commerce or in an industry affecting commerce within the meaning of Title VII.

14. Defendant has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

15. At all relevant times, Panel Steel was Mr. Money's employer, and Mr. Money was Panel Steel employee, within the meaning of Title VII.

16. Defendant is subject to the Court's jurisdiction and may be served with process through its registered agent for service of process, David Reynolds, 287 Lake Vita Lane, Commerce, Georgia 30529.

## Statement of Facts

17. Mr. Money began employment with Defendant in approximately

March 2022 as a welder.

18.  Mr. Money is an African American male.

19.  At all times relevant to this matter, Mr. Money and Panel Steel were parties to a contract of employment under which Mr. Money worked for Panel Steel and Panel Steel compensated Mr. Money for his work.

20.  Mr. Money performed his contractual obligations by working for Panel Steel.

21.  Mr. Money had a good performance record and received no verbal or written warning about his performance, including attendance, during his employment by Panel Steel.

22.  During the first week of his employment, Reginald "Reggie" Lester told Mr. Money about Luke Wellmaker's ("Mr. Wellmaker") repeated use of the word "n*****."

23.  Mr. Wellmaker commonly used the word "n*****" in front of and directly to Mr. Money and other black employees, including Albert White and Edmond Brown.

24.  When Mr. Wellmaker spoke with Mr. Money, he would end each sentence with "n*****."

25.  For example, Mr. Wellmaker would say to Mr. Money, "What are you

doing there, "n*****"?"

26. Mr. Wellmaker would intentionally come to Mr. Money's work area in order to subject him to a hostile work environment and call him "n*****."

27. In the Panel Steel breakroom, sometimes in front of 15 employees and managers, Mr. Wellmaker would use the "n*****" word.

28. Shop Manager Lee Luck would witness Mr. Wellmaker use the "n******" word and do nothing about it.

29. Mr. Wellmaker referred to Mr. Money as slave stating, "you over there working, huh, you little slave" and admitted he referred to other Black employees as slaves.

30. The work environment was so hostile that Mr. Money could not tolerate it and called Panel Steel and told the Company he would not be in even though he did not have another job lined up.

31. When Mr. Money went to pick up his final paycheck, Mr. Wellmaker brought him his check and told him "this is fucked up how you did us. Bitch ass "n*****" – we don't even want you back."

32. The derogatory racial comments were witnessed by management, and nothing was done to prevent or correct the harassing behavior.

33. Despite its knowledge of the discriminatory comments, Defendant did

not take reasonable measures to stop them.

34. On or about June 3, 2022, Panel Steel terminated Mr. Money's employment.

35. Panel Steel terminated Mr. Money's employment because of his race.

36. Panel Steel's stated reason for terminating Mr. Money's employment is pretext for discrimination.

37. In discriminating against Mr. Money in violation of Title VII, and 42 U.S.C. § 1981, Panel Steel acted willfully, wantonly, and intentionally to harm Mr. Money and his federally protected rights.

38. Additionally, and in the alternative, Panel Steel acted with reckless disregard for Mr. Money and his federally protected rights.

39. The effect of Panel Steel's above-stated actions has been to deprive Mr. Money of employment opportunities, income in the form of wages, and prospective employment benefits, including social security and other benefits to which he would have been entitled but for Panel Steel's illegal actions.

40. The effect of Defendant's above-stated actions has also been to cause Mr. Money to suffer out-of-pocket losses and mental and emotional distress for which he seeks redress.

## COUNT I
## Racially Hostile Work Environment in Violation of Title VII

41. Mr. Money incorporates by reference all preceding paragraphs of the Complaint.

42. Mr. Money is an "employee" as defined by Title VII, 42 U.S.C. § 2000e *et seq*.

43. Panel Steel is an "employer" as defined by Title VII, 42 U.S.C. § 2000e *et seq*.

44. Mr. Wellmaker's derogatory racial comments directed to Mr. Money and other Black employees, were severe and pervasive, and were witnessed by management.

45. Despite knowledge of the racially hostile work environment, Panel Steel did nothing to stop or correct the racist behavior or prevent or correct the racially hostile work environment.

46. Panel Steel's actions in creating, fostering, and tolerating a racially hostile working environment were committed intentionally and in violation of Title VII.

47. Panel Steel's actions were willful, deliberate, and intended to cause Mr. Money harm and/or were committed with reckless disregard for the harm caused to

him and were in derogation of his federally protected rights.

48. Panel Steel's actions against Mr. Money were taken in bad faith.

49. As a direct and proximate result of Panel Steel's actions, Mr. Money has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

50. Pursuant to Title VII, Mr. Money is entitled to damages including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under Title VII.

## COUNT II
## Race Discrimination in Violation of Title VII

51. Mr. Money incorporates by reference all preceding paragraphs of the Complaint.

52. Mr. Money is an "employee" as defined by Title VII, 42 U.S.C. § 2000e *et seq*.

53. Panel Steel is an "employer" as defined by Title VII, 42 U.S.C. § 2000e *et seq*.

54. Mr. Wellmaker's derogatory racial comments directed towards Plaintiff and other black employees, were witnessed by management, and Panel Steel did nothing to stop or correct the racist behavior or prevent or correct the racially hostile work environment.

55. Panel Steel also terminated Mr. Money's employment because of his race, or, in the alternative, race was a motivating factor in Mr. Money's termination.

56. Panel Steel's stated reason for terminating Mr. Money's employment is pretext for racial discrimination.

57. Panel Steel's discriminatory treatment of Mr. Money violated Title VII.

58. Panel Steel's actions were willful, deliberate, and intended to cause Mr. Money harm and/or were committed with reckless disregard for the harm caused to him and were in derogation of his federally protected rights.

59. Panel Steel's actions against Mr. Money were taken in bad faith.

60. As a direct and proximate result of Panel Steel's actions, Mr. Money has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

61. Pursuant to Title VII, Mr. Money is entitled to damages including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under Title VII.

## COUNT III
## Racially Hostile Work Environment in Violation of 42 U.S.C. § 1981

62. Mr. Money incorporates by reference all preceding paragraphs of the Complaint.

63. Mr. Wellmaker's derogatory racial comments directed to Mr. Money

and other Black employees, were severe and pervasive, and were witnessed by management.

64. Despite knowledge of the racially hostile work environment, Panel Steel did nothing to stop or correct the racist behavior or prevent or correct the racially hostile work environment.

65. Panel Steel's actions in creating, fostering, and tolerating a racially hostile working environment were committed intentionally and in violation of Title VII.

66. Panel Steel's actions were willful, deliberate, and intended to cause Mr. Money harm and/or were committed with reckless disregard for the harm caused to him and were in derogation of his federally protected rights.

67. Panel Steel's actions against Mr. Money were taken in bad faith.

68. As a direct and proximate result of Panel Steel's actions, Mr. Money has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

69. Pursuant to 42 U.S.C. § 1981, Mr. Money is entitled to damages including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under 42 U.S.C. § 1981.

## COUNT IV
## Racially Discrimination in Violation of 42 U.S.C. § 1981

70. Mr. Money incorporates by reference all preceding paragraphs of the Complaint.

71. 42 U.S.C. § 1981's prohibition on race discrimination in the making or enforcement of contracts applies to Mr. Money's employment contract with Panel Steel.

72. Panel Steel's stated reason for terminating Mr. Money's employment is pretext for racial discrimination.

73. Panel Steel's termination of Mr. Money violated 42 U.S.C. § 1981.

74. Panel Steel acted with malice toward Mr. Money.

75. Additionally, and in the alternative, Panel Steel acted with reckless disregard for Mr. Money's federally protected rights.

76. As a direct and proximate result of the Panel Steel's actions, Mr. Money has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

77. Mr. Money is entitled to damages including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorneys' fees and costs of litigation pursuant to 42 U.S.C. §1988, and all other relief recoverable under Section 1981.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following relief be granted:

(a) A declaration that Defendant has violated the rights of Mr. Money under the federal statutes listed above;

(b) A permanent injunction against Defendant enjoining Defendant from further violations of the federal statutes listed above;

(c) Judgment in Mr. Money's favor and against Defendant under all counts of this Complaint;

(d) An order that Defendant make Mr. Money whole by providing for his out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, taking into account all raises to which Mr. Money would have been entitled, together with interest thereon, all in an amount to be proven at trial;

(e) Order that Mr. Money be reinstated or, in the alternative, be awarded front pay;

(f) Grant to Mr. Money compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional

distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(g) Grant to Mr. Money punitive damages in an amount to be determined by the enlightened conscience of the jury to be sufficient to punish Defendant for its conduct toward Mr. Money and deter Defendant from similar conduct in the future for Defendant's willful and intentional violations of federal law;

(h) Grant to Mr. Money a trial by jury on all issues so triable;

(i) Grant to Mr. Money his reasonable attorney's fees and reasonable expert witness fees together with any and all other costs associated with this action; and

(j) Grant such additional monetary and equitable relief as the Court deems proper and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 22nd day of December 2023.

**LEGARE, ATTWOOD & WOLFE, LLC**

 **Cheryl B. Legare**
Georgia Bar No. 038553
cblegare@law-llc.com

125 Clairemont Ave, Suite 380
Decatur, Georgia 30030
Tel: (470) 823-4000
Fax: (470) 201-1212

Counsel for Plaintiff